# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DANNY HUERTA, | CASE NO. 1:08-cv-01889-LJO- GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY |
| v. | COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| MARGARET MIMS, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |
| _____/ | |

**Screening Order**

I.    **Screening Requirement**

Plaintiff Joe Danny Huerta ("Plaintiff") is a former detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 9, 2008.  Plaintiff alleges a violation under the Eighth Amendment for excessive force against Fresno County Sheriff Margaret Mims and Doe Defendants.  For the reasons set forth below, Plaintiff is ordered to file an amended complaint or to notify the Court of his willingness to proceed only on the claims found to be cognizable in this order within thirty days.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

6   506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the

7   claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual

8   allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

9   by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)

10   (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).

11   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible

12   on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual

13   allegations are accepted as true, legal conclusions are not. Id. at 1949.

14   **II.**   **Plaintiff's Claims**

15       **A.**     **Summary of Complaint**

16         Plaintiff alleges that in November 2007, Plaintiff was told to enter a very crowded room in

17   the booking area of the Fresno County Jail. When an officer saw that Plaintiff did not want to enter

18   the room, he pushed Plaintiff between a wall and a bench, and then three or four officers cuffed his

19   limbs and placed him in an empty room. The officers left Plaintiff in the room, but when Plaintiff

20   jerked about three inches in the officers' direction, all the officers came back into the room, and held

21   him while one officer choked him. Plaintiff was then placed on the floor and the officers continued

22   to choke him.

23       **B.**     **Eighth Amendment**

24         The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

25   Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).

26   For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort

27   to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Although

28   de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to

cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Factors such as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to the ultimate determination as to whether force used by prison personnel was excessive. From these factors, inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. "Equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Whitley v. Albers, 475 U.S. 312, 321 (1986).

Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts know to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id., at 319; see also Hudson, 503 U.S. 1. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley, supra at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff alleges that unknown officers/Doe Defendants choked him when he was under restraints in the Fresno County Jail. Plaintiff alleges sufficient facts to state a cognizable excessive force claim against the Doe Defendants.

## C.   Supervisory Liability

Plaintiff names Fresno County Sheriff Margaret Mims as a defendant. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link

3

between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).   Under § 1983, Plaintiff is required to prove that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must prove that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability under § 1983, and therefore, each defendant is only liable for his own misconduct.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).  Plaintiff has not alleged any facts indicating that Defendant Mims personally participated in the alleged deprivation of constitutional rights.  Thus, Plaintiff fails to state a cognizable claim against Defendant Mims.

**III.   Conclusion and Order**

Plaintiff's complaint states a cognizable excessive force claim against Doe Defendants.  However, the complaint does not state any other cognizable claim against other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of Defendant Margaret Mims, and will forward Plaintiff summons and USM-285 form for completion and return.  Upon receipt of the forms, the

1   Court will direct the United States Marshal to initiate service of process.[1]

2        Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation

3   of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint

4   must allege in specific terms how each named defendant is involved.  There can be no liability under

5   42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

6   and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164,

7   167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Although accepted as true,

8   the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. .

9   . . " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

10       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

11  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

12  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

13  pleading," E.D. Cal. R. 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

14  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

15  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

16  1474.

17       Based on the foregoing, it is HEREBY ORDERED that:

18  1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

19  2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

20          a.      File an amended complaint curing the deficiencies identified by the Court in

21                  this order, or

22          b.      Notify the Court in writing that he does not wish to file an amended

23                  complaint and wishes to proceed only on an excessive force claim against

24                  Doe Defendants;

25  ///

26

27          [1]The U.S. Marshal cannot serve a Doe Defendant.  Therefore, before the U.S. Marshal can serve a Doe
28  Defendant, Plaintiff will have to identify him or her with enough information to locate the defendant for service of
    process.

3.     If Plaintiff fails to comply with this order, the Court will recommend that this action

be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:     **September 28, 2009**                    **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE