# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DANNY HUERTA,<br><br>           Plaintiff,<br><br>    v.<br><br>MARGARET MIMS, et al.,<br><br>           Defendants. | CASE NO. 1:08-CV-01889-LJO-GBC (PC)<br><br>ORDER RELIEVING APPOINTED COUNSEL, WHO WAS APPOINTED FOR THE LIMITED PURPOSE OF IDENTIFYING DOE DEFENDANTS<br><br>Doc. 17<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br>Doc. 20<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>Doc. 20<br><br>THIRTY-DAY DEADLINE |

## Screening Order

### I. Procedural History and Court Appointed Counsel

On December 9, 2008, Plaintiff Joe Danny Huerta, a former state prisoner proceeding pro se[1] and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, naming Sheriff Margaret Mims and other unknown officers of the Fresno County Jail. *See* Pl. Compl. Doc. 1. On October 26, 2009, Plaintiff filed an amended complaint. Doc. 11. On November 16, 2010, the Court issued a screening order, requiring Plaintiff to file an second amended complaint or notify of willingness to proceed on his original complaint for the Eighth Amendment excessive force claims found

---

[1] On June 21, 2011, the Court appointed counsel for the limited purpose of assisting Plaintiff in identifying the Doe Defendants. Doc. 17. On December 6, 2011, appointed counsel was able to assist Plaintiff in identifying the Doe Defendants and filing an amended complaint. Doc. 20. Thus, Plaintiff is once again proceeding pro se.

cognizable against Doe Defendants. Doc. 13. On December 17, 2010, Plaintiff notified the Court of willingness to proceed on the claims found cognizable in his original complaint. Doc. 14. On December 21, 2010, the Court dismissed the Plaintiff's claims for injunctive relief against all Defendants and dismissed Defendant Sheriff Margaret Mims entirely from the action. Doc. 15. On June 21, 2011, the Court appointed Julius M. Cruz, Esquire, for the limited purpose of assisting Plaintiff in identifying the Doe Defendants. Doc. 17. On December 6, 2011, appointed counsel was able to assist Plaintiff in identifying the Doe Defendants and filed a motion to amend Plaintiff's complaint. Mot. Amend. Pl. Compl., Doc. 20. In Plaintiff's second amended complaint, Plaintiff names Defendants Margaret Mims, Sheriff; Alexander Chagoya, correctional officer; Che Garcia, correctional officer; and Merle Heggen, correctional officer. *Id.* at 2. Thus, appointed counsel discharged his obligation, and the Court relieves him from further proceedings.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the

deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

### III. Plaintiff's Second Amended Complaint

#### A. Allegations in Plaintiff's Complaint

In Plaintiff's second amended complaint, he states the following:

> According to the initial Complaint, in November 2007, Plaintiff was arrested and was taken to the booking area of the Fresno County Jail. In the booking area, Plaintiff was asked to enter a room; that room was overcrowded, and as a result, Plaintiff did not want to enter the overcrowded room. Defendants then pushed Plaintiff into a wall near a bench; Plaintiff's leg got stuck in the bench. Defendants subsequently placed handcuffs on Plaintiff and placed him in an isolated room. While in the isolated room, Plaintiff made a jerking movement; Defendants then held him, while one of them choked and suffocated Plaintiff . . . Plaintiff alleges on information and belief that Defendants Alexander Chagoya, Che Garcia, and Merle Heggen acted maliciously and sadistically and with excessive force and failure to protect Plaintiff from assault . . .

Mot. Amend. Pl. Compl., Doc. 20.

#### B. Excessive Force

The Eighth Amendment protects prisoners from the use of excessive force. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is

not of a sort repugnant to the conscience of mankind." *Id.* at 9-10. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7; *Martinez*, 323 F.3d at 1184. In considering these factors, prison authorities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley*, 475 U.S. at 321 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970)).

**C. Legal Standard for Filing an Amended Complaint**

An amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading) (quoted in *Armentero v. Tilton*, No. 08-16307, 2012 WL 76828 (9th Cir. Jan. 11, 2012).

Although Plaintiff's complaint contains the elements to allege excessive force against Defendant officers Chagoya, Garcia, and Heggen, Plaintiff's reference to his original complaint is precluded by the doctrine that an amended pleading supersedes an original pleading. Specifically, Plaintiff states that "according to the initial complaint, in November 2007 . . . " Mot. Amend. Pl. Compl., Doc. 20. Thus, Plaintiff's amended complaint does not comply with *Ferdik* and Local Rule 220. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon excessive force.

**D. Allegations of Supervisory Liability**

In Plaintiff's second amended complaint, he names Sheriff Margaret Mims but does not make any allegations against the sheriff. Mot. Amend. Pl. Compl., Doc. 20. Moreover, on December 21, 2010, the Court dismissed Defendant Sheriff Margaret Mims entirely from the action. Doc. 15.

With respect to supervisory, managerial, or executive-level personnel, Plaintiff must still demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235.

Plaintiff may not hold the sheriff liable based on her position of authority as Plaintiff has not alleged any facts linking her to acts or omissions which suggest she participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against Defendant Margaret Mims based upon supervisory liability.

**IV. Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129

S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik*, 963 F.2d at 1262 (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading) (quoted in *Armentero*, No. 08-16307, 2012 WL 76828. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Julius M. Cruz, Esquire, is RELIEVED from further proceedings as appointed counsel for Plaintiff;
2. Plaintiff's motion to amend his complaint is GRANTED;
3. Plaintiff's second amended complaint is DISMISSED for failure to state a claim upon which relief may be granted;
4. The Clerk's Office shall send Plaintiff a complaint form;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **third amended complaint**; and
6. If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   January 30, 2012

UNITED STATES MAGISTRATE JUDGE