# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DANNY HUERTA,<br><br>            Plaintiff,<br><br>      vs.<br><br>SHERIFF MARGARET MIMS, et al.,<br><br>            Defendants. | 1:08cv01889 LJO DLB PC<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL AND IMPOSING<br>SANCTIONS<br><br>(Document 33) |

    Plaintiff Joe Danny Huerta ("Plaintiff"), a former pre-trial detainee proceeding pro se and in forma pauperis, filed this civil rights action on December 9, 2008.  The action is proceeding on Plaintiff's Third Amended Complaint against Defendants Garcia, Chagoya and Heggen for use of excessive force in violation of the Eighth Amendment.

    On June 13, 2012, the Court issued a Discovery and Scheduling Order which set February 13, 2013, as the discovery cut-off and April 22, 2013 as the dispositive motion deadline.

1

On December 6, 2012, Defendants filed a Motion to Compel responses to discovery served on Plaintiff. Plaintiff did not file an opposition or otherwise communicate with the Court.[1]

## DISCUSSION

Defendants served Plaintiff with a set of Interrogatories and Requests for Production of Documents on September 28, 2012. Declaration of Bruce B. Johnson ("Johnson Dec."), ¶ 3. Pursuant to the Court's Discovery Order, Plaintiff's responses were due on or about November 15, 2012.

As of November 15, 2012, Defendants' counsel, Bruce Johnson, had not received any responses from Plaintiff, nor had he received notice that Plaintiff no longer resided at the address at which he was served. Johnson Dec., ¶ 4. On November 15, 2012, Mr. Johnson wrote a meet and confer letter to Plaintiff explaining the issues surrounding his failure to respond and offering to accept discovery responses through November 26, 2012. Johnson Dec., ¶ 4.

Defendants filed this motion on December 6, 2012, and as of December 5, 2012, Mr. Johnson, had not received any communication from Plaintiff. Defendants seek an order requiring Plaintiff to respond to discovery and imposing sanctions in the amount of $203.40.

In a Supplemental Declaration submitted on December 14, 2012, Mr. Johnson indicates that he still had not received any communication from Plaintiff. Supplemental Declaration of Bruce B. Johnson, ¶ 4. Counsel served Plaintiff with a deposition notice setting his deposition for January 23, 2013, at 9:00 a.m. Supplemental Declaration of Bruce B. Johnson, ¶ 3. Mr. Johnson requests that an order compelling Plaintiff to respond require that Plaintiff personally deliver the responses to his office on or before January 22, 2013, at 2:00 p.m.

---

[1] Defendants request that this action be reclassified as a regular civil action so that future dispositive motions are subject to oral argument. However, under the Local Rules, Plaintiff was in custody at the time of the incident at issue and this action is properly characterized as a prisoner action under Local Rule 230(l).

Plaintiff may not refuse to respond to properly served discovery requests, and his failure to respond entitles Defendants to an order compelling a response.  Fed. R. Civ. P. 37(a)(3)(B).

With respect to reasonable expenses, Defendants are entitled to the expenses incurred in bringing this motion to compel.  Fed. R. Civ. P. 37(d)(3).  Counsel has expended a total of 1.8 hours in preparation of this motion and therefore Defendants' request for $203.40 in reasonable expenses is granted.  Johnson Dec., ¶ 6.

### ORDER

Based on the above, Defendants' Motion to Compel is GRANTED.  Plaintiff SHALL serve responses to discovery NO LATER than February 5, 2013.[2]  Defendants' request for sanctions is also GRANTED in the amount of $203.40.  This amount is payable to Defendants' counsel within thirty (30) days of the date of service of this order.

<u>Failure to comply with this order may result in the imposition of more severe sanctions, including dismissal of this action.</u>

IT IS SO ORDERED.

Dated:    **January 17, 2013**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Given the timing of this motion, it is not feasible to order Plaintiff to respond by January 22, 2013, as requested by Defendants.  Defendants may re-notice Plaintiff's deposition, if necessary.