# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DANNY HUERTA,<br><br>             Plaintiff,<br><br>        vs.<br><br>SHERIFF MARGARET MIMS, et al.,<br><br>             Defendants. | 1:08cv01889 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR INVOLUNTARY DISMISSAL<br><br>(Document 37) |

## I.   BACKGROUND

Plaintiff Joe Danny Huerta ("Plaintiff"), a former pre-trial detainee proceeding pro se and in forma pauperis, filed this civil rights action on December 9, 2008. The action is proceeding on Plaintiff's Third Amended Complaint against Defendants Garcia, Chagoya and Heggen for use of excessive force in violation of the Eighth Amendment.

On June 13, 2012, the Court issued a Discovery and Scheduling Order which set February 13, 2013, as the discovery cut-off and April 22, 2013 as the dispositive motion deadline.

On December 6, 2012, Defendants filed a Motion to Compel responses to discovery served on Plaintiff. The motion was based on Plaintiff's complete failure to respond to written discovery. Plaintiff did not file an opposition.

1

The Court granted the motion on January 18, 2013, and ordered Plaintiff to serve responses no later than February 5, 2013.  The Court also granted Defendants' request for sanctions in the amount of $203.40, payable to Defendants' counsel within thirty days of the date of service of the order.

On February 7, 2013, Defendants filed a Motion for Involuntary Dismissal. Alternatively, Defendants seek an order continuing the discovery cutoff, and compelling Plaintiff to submit to oral deposition and pay sanctions in the amount of $339.00.

Plaintiff did not file an opposition to the motion or otherwise contact the Court.

On March 15, 2013, Defendants' counsel filed a supplemental declaration indicating that Plaintiff had not yet completed his discovery obligations or paid the sanctions.

## II.     DISCUSSION

Rule 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Under this rule, plaintiffs must prosecute their claims with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976).  A dismissal pursuant to Rule 41(b) is considered an adjudication on the merits.

In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Defendants contend that this action should be dismissed because of Plaintiff's continued failure to respond to discovery and obey this Court's orders.  For the reasons that follow, the Court agrees.

As explained above, the Court granted Defendants' Motion to Compel after Plaintiff wholly failed to respond to written discovery or oppose the motion. Plaintiff was ordered to produce responses by February 5, 2013. As of March 15, 2013, Plaintiff had not provided responses to the discovery, paid the sanctions or contacted Defendants' counsel to discuss the outstanding discovery. Johnson Supp. Decl. ¶ 3.

In addition to obstructing written discovery, Plaintiff has prevented Defendants from taking his deposition. Although Plaintiff appeared for his January 23, 2013, deposition, he unilaterally terminated the deposition while counsel was asking background questions. Johnson Decl. ¶ 5, Ex. A. Plaintiff also admitted that he was on pain medication during the deposition, and that he did not know whether it affected his ability to give accurate testimony. Johnson Decl. Ex A, 8:11-22. He became combative immediately prior to terminating the deposition. Ex A, 31:10-32:17. Plaintiff ultimately terminated the deposition because he felt that counsel was "manipulat[ing] the truth." Johnson Decl. Ex. A, 32:22-40:9.

Counsel called Plaintiff the following day and Plaintiff agreed to reschedule the deposition for February 4, 2013. Counsel renoticed the deposition, but Plaintiff failed to appear on February 4, 2013. As of March 15, 2013, Counsel had not heard from Plaintiff. Johnson Decl. ¶¶ 6-7; Supp. Johnson Decl. ¶ 3.

It is apparent from Plaintiff's behavior that he has abandoned this action, which has been pending since December 2008. He has disobeyed a Court order, failed to follow through with his written discovery obligations and impeded Defendants' attempts to depose him. Defendants continue to be prejudiced by having to defend this action.

Not surprisingly, Plaintiff has not opposed Defendants' motions and has not been in contact with the Court. Having failed to file any oppositions, Plaintiff has not offered any explanations for his actions. The Court also notes that Plaintiff failed to obey the order imposing sanctions, suggesting that a lesser remedy will not suffice.

The Court recognizes that it may not lightly dismiss an incarcerated plaintiff's action for failure to prosecute, Hernandez v. Whiting, 881 F.2d 768, 770 n. 2 (9th Cir.1989), but Plaintiff has not been out of custody since 2009. During the time at issue, Plaintiff did not appear to be subject to the common difficulties associated with litigating while incarcerated.

### III. FINDINGS AND RECOMMENDATIONS

Accordingly, based on the above, it is HEREBY RECOMMENDED that Defendants' Motion for Involuntary Dismissal be GRANTED and that this action be DISMISSED WITH PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 25, 2013**  /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE